UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROGER GERONIMO,

     Plaintiff,

v.                            Case No:   3:09-cv-665-J-DNF

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff, Roger Geronimo, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Disability Insurance Benefits ("DIB").  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.    Social Security Act Eligibility, Standard of Review, and Procedural History

#### A.  Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

### C.  Procedural History

This case has a very long and convoluted procedural history.  Plaintiff originally filed for a period of disability and DIB on July 15, 2001.  The SSA found Plaintiff disabled as of July 31, 2000, and entitled to benefits as of January 31, 2001.  (Tr. 12, 153, 319).  On August 8, 2007, the

SSA determined Plaintiff's disability had ended and that he was not entitled to DIB because he had performed substantial gainful activity. (Tr. 77-79). Plaintiff filed a request for reconsideration of his disability cessation on August 10, 2007. (Tr. 58-62). On August 20, 2007, SSA sent Plaintiff a separate notice informing him that SSA had overpaid him $90,390.50 from August 2002 through July 2007. (Tr. 63-66).

On reconsideration of Plaintiff's entitlement to DIB, the SSA determined that on October 3, 2007, Plaintiff's disability had ended and he was not entitled to DIB. (Tr. 80-82). At Plaintiff's request, an administrative law judge (ALJ) held a hearing. (Tr. 249-59). On January 5, 2009, the ALJ issued a decision finding Plaintiff was overpaid from August 2002 through July 2007 and denying his request that the SSA waive recovery of the overpayment. (Tr. 213-20). The Appeals Council denied Plaintiff's request for review on May 22, 2009. (Tr. 227-31).

Plaintiff began the instant suit by Complaint (Doc. 1) before this Court on July 20, 2009. While the instant case was pending before this Court, the Appeals Council set aside its earlier action and granted Plaintiff's request for review. (Tr. 232-35). The Appeals Council then issued a partially favorable decision on September 22, 2009, finding that Plaintiff was overpaid from August 2002 through July 2007. (Tr. 236-42). The Appeals Council also determined that the ALJ did not have authority to address any waiver request and vacated the ALJ's discussion of waiver because Plaintiff had not received an initial or reconsidered determination regarding any waiver request. (Tr. 240). Because the administrative record was not complete, the Commissioner motioned this Court to remand the instant case. (Doc. 16). This Court granted Defendant's request and remanded the case on July 12, 2010. (Doc. 18).

The Appeals Council then remanded Plaintiff's case to an ALJ on October 4, 2010. (Tr. 260-66). In its remand instructions, the Appeals Council directed the ALJ to further consider

- 3 -

whether SSA could waive recovery of the overpayment "if warranted." (Tr. 265).  The Appeals

Council also vacated the prior ALJ decision, its denial of review, its grant of review, and its

September 2009 partially favorable decision.  (Tr. 265).  An ALJ held an additional hearing on

May 11, 2011.  (Tr. 638-45).

On May 26, 2011, the ALJ issued a decision finding Plaintiff was overpaid from August

2002 to July 2007 and was liable for repayment of the overpayment.  (Tr. 8-16).  The ALJ declined

to consider the issue of waiver of the overpayment because SSA had not issued an initial or

reconsideration determination on the issue.  (Tr. 11-12).  The ALJ noted that the remand order

specified that the issue of waiver should be considered "if warranted."  (Tr. 11).  The ALJ noted,

however, that "the fact remains that the claimant has never formally requested waiver of the

overpayment and the agency has never issued either an initial or a reconsideration determination."

(Tr. 11).  The ALJ explained that

> The claimant's [sic] testified on May 11, 2011, that his affidavits
> contained a request for waiver and the claimant's attorney provided a copy
> of a request for overpayment dated by the claimant on August 25, 2007,
> but it is noted that it does not appear that this form was ever submitted to
> SSA and does not contain an SSA date stamp nor is the box entitled "FOR
> SA USE ONLY" marked in any way.  The official record does not contain
> a request for waiver from the claimant and it is further noted that the
> claimant's first request for a hearing was filed on October 7, 2007 (Exhibit
> B18B), which further supports the contention that the claimant never filed
> a request for waiver.

(Tr. 11-12).  The ALJ noted that previously the prior hearing decision dated January 5, 2009,

improperly addressed the issue of waiver because the agency had never issued either an initial or

reconsideration determination.  (Tr. 12).  Because Plaintiff had never formally requested waiver

and because there had never been an initial or reconsideration determination, the ALJ stated that

the issue of waiver "will not be addressed at the hearing level." (Tr. 12).  The ALJ concluded that

Plaintiff was "liable for repayment of the remainder of the overpayment during the period of

August 1, 2002 to July 1, 2007, which has been reduced from $90,390.50 to $70,556.30 due to withholdings and remittances (20 CFR 404.501(a))." (Tr. 15).  The record does not show whether Plaintiff filed a request for review of the ALJ's decision or whether the Appeals Council denied review.

On April 5, 2012, the Commissioner filed an Unopposed Motion to Reopen which this Court granted on April 12, 2012.  (Doc. 20, 23).

On December 13, 2012, the Court entered an Order to Show Cause (Doc. 35) requiring the parties to explain in writing why the Court's order reopening the case should not be vacated and to explain the current status of Plaintiff's request for waiver.  The parties complied with the Order to Show Cause and on January 15, 2013, the Court entered an Order (Doc. 38) vacating the Court's April 12, 2012 Order (Doc. 23) reopening the case.  The Court found that

> the proceedings on remand have not been completed.  The SSA has made an initial determination that it will not waive the overpayment. (Doc. 36 at 1; Doc. 37 at 2).  But Plaintiff disagrees with this determination and the administrative process is not complete. (Doc. 37 at 8-10).

(Doc. 38 p. 2).  The Court acknowledged that the SSA had reached a final determination concerning the fact of overpayment and that the Court has authority to review this decision, but ultimately found that the interests of justice and the efficiency favor considering the fact of overpayment and waiver at the same time.  *Id.*

On remand, an ALJ held another hearing on October 8, 2013.  (Tr. 880-908).

On January 28, 2014, the ALJ entered another decision.  The ALJ stated that on remand "the Appeals Council has directed the undersigned to further adjudicate the amount of the overpayment and to determine if a waiver is justified." (Tr. 657).  The ALJ found that Plaintiff had worked during the five-month waiting period following his established onset date of July 31, 2000, "which completely precludes his entitlement to any disability benefits. (Tr. 657).   The ALJ

explained that "the issue regarding the outstanding overpayment is moot as the new evidence unequivocally demonstrates that the claimant was never entitled to any such disability benefits from the time he submitted his original disability application since he was working and performing substantial gainful activity during the five-month waiting period prior to being eligible for these disability benefits in January 2001." (Tr. 658). The ALJ remanded the case "to the State Agency for a new disability determination regarding the earlier finding of disability and for a new calculation of the actual overpayment on this claimant's earnings record since no benefits should have been paid to this claimant given his work activity during the 5-month waiting period." (Tr. 658). The ALJ suggested that "[d]evelopment of this case for re-opening based on fraud or similar fault may be a possible consideration by the state agency subsequent to this remand." (Tr. 658). Plaintiff filed a Request for Review of the Hearing Decision on February 13, 2014. (Tr. 652).

On September 14, 2015, the Appeals Council issued a decision finding Plaintiff was not entitled to a period of disability or DIB based on his July 2001 application. (Tr. 648-51). The Appeals Council specified that its decision "reopens the original determination by which the claimant was found disabled as of July 31, 2000" and that the determination to reopen was made pursuant to "20 CFR 404.988(c)(1), which states that a determination may be reopened at any time if it was obtained by fraud or similar fault." (Tr. 648). The Appeals Council adopted the ALJ's findings that Plaintiff was not entitled to a period of disability and DIB because he performed substantial gainful activity both within the five-month waiting period and within 12 months of his July 31, 2000 onset date. (Tr. 648). The Appeals Council found that the determination finding Plaintiff disabled as of July 31, 2000, was obtained by fraud or similar fault, and reopened that determination. (Tr. 649). The Appeals Council noted that "[b]ecause the overpayment was the result of fraud or similar fault, waiver of recovery is precluded." (Tr. 649). The Appeals Council

stated that its decision "will lengthen the claimant's period of overpayment because that period will begin with the first month for which the claimant received benefits." (Tr. 659).

On May 13, 2016, the Commissioner filed an Unopposed Motion to Reopen which this Court granted. (Doc. 39, 41). The parties subsequently filed memoranda of law in support of their respective positions. This case is now ripe for review.

## II.    Analysis

Plaintiff contends that remand is appropriate on two grounds. First, Plaintiff argues that the ALJ erred by failing to properly consider the issue of waiver. Relying on 42 U.S.C. § 404(b), Plaintiff contends that in order to be required to repay the overpayments he received the Commissioner must demonstrate that he is at fault. In this case, Plaintiff contends that he is not at fault for the overpayment of benefits because he informed the SSA in 2003 that he was returning to work and did not hide this fact from the SSA. (Doc. 51 p. 14). Second, Plaintiff contends that because he was not at fault, the ALJ should have proceeded to determine whether it would be against good conscience to demand repayment from Plaintiff. (Doc. 51 p. 15). Plaintiff argues that it would be against good conscience to demand repayment because Plaintiff is retirement age and will be unable to retire. (Doc. 51 p. 16).

The exclusive jurisdictional basis for judicial review of claims arising under the Social Security Act is pursuant to 42 U.S.C. § 405(g). It is well settled that 42 U.S.C. § 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The Social Security Act does not define "final decision" and instead leaves it to the SSA to give meaning to that term through regulations. The applicable regulations provide that, if the Appeals Council grants review of a claim, then the

decision that the Appeals Council issues is the Commissioner's final decision. *Sims v. Apfel*, 530 U.S. 103, 106–07, 120 S. Ct. 2080, 2083, 147 L. Ed. 2d 80 (2000); 20 C.F.R. § 404.984.

In this case, the Appeals Council granted review and issued a decision. Thus, the Appeals Council's decision entered on September 14, 2015 is the "final decision" of the Commissioner subject to review under 42 U.S.C. § 405(g). (Tr. 648-51). The final decision of the Commissioner is that Plaintiff was never entitled to benefits based on the application filed on July 15, 2001, because he obtained that determination by means of fraud or similar fault, namely, that he continued to work above substantial gainful activity level without interruption throughout the five-month period between his onset and the date he was first entitled to receive benefits. (Tr. 649). The final decision further found that waiver of recovery is precluded. (Tr. 649).

In his memorandum of law, Plaintiff fails to challenge the Appeals Council's September 14, 2015 decision and, even more perplexing, even mention it. Instead, Plaintiff states that "[i]t is from the January 2014 decision that this appeal has been filed." (Doc. 51 p. 2). Generally, in an abundance of caution, the Court will consider a plaintiff's arguments even if they are not fully developed. However, in this case, because Plaintiff has failed to challenge the Appeals Council's decision in any way, let alone mention it, the Court finds that Plaintiff has waived any arguments regarding the Appeals Council's decision. *See, e.g., Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013) (holding claimant abandoned challenges to the Commissioner's findings by not expressly raising challenges); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding that claimant waived issue because he did not elaborate on claim or provide citation to authority regarding claim).

In any event, the Court finds that substantial evidence supported the Appeals Council's decision. The Social Security Act regulations provide that the SSA may reopen a prior final

determination on its own initiative and revise the determination.  20 C.F.R. § 404.987(b).  The SSA may reopen a determination at any time if the determination was obtained by fraud or similar fault.  *See* 20 C.F.R. 404.988(c)(1).  Here, substantial evidence supports the Appeals Council's finding that Plaintiff obtained his initial determination of disability by fraud or similar fault.  Thus, substantial evidence supports the Appeals Council's decision to reopen the prior determination that Plaintiff was disabled.  The Appeals Council reviewed evidence from Central Connecticut State University showing that Plaintiff received earnings above the substantial gainful activity level throughout the year of 2000 and during his five-month waiting period.  These records showed that Plaintiff received wages every other week of over $2,800, totaling $74,708.69 for the year 2000.  For the year 2000, average monthly earnings of $700 create a presumption that the individual performed substantial gainful activity.  *See* 20 C.F.R. § 404.1574(b)(2)(i).  Because Plaintiff's earnings were above substantial gainful activity level, the Appeals Council properly reopened and revised Plaintiff's claim to a denial.  *See* Social Security Ruling 82-52 (providing that "[w]hen an individual returns to SGA during the waiting period and such work continues, the claim for benefits must be denied if the award has not been approved.  <u>If the award was previously approved, the claim must be reopened and revised to a denial.</u>" (emphasis added).

In addition, substantial evidence supports the Appeals Council's finding that Plaintiff was not entitled to waiver of the overpayment.  An individual that receives DIB payments for months he is not entitled to DIB is considered overpaid.  *See* 42 U.S.C. § 404(a)(1)(A); 20 C.F.R. § 404.501(a).  An overpaid individual may request waiver of the recovery of an overpayment.  *See* 20 C.F.R § 404.506(b).  The Social Security Act and the regulations establish a two-prong test to determine if waiver of the recovery of an overpayment is appropriate: (1) whether the overpaid individual was without fault in connection with the overpayment, and (2) if the individual is

without fault, whether recovery would either defeat the purpose of title II of the Act or be against equity and good conscience. See 42 U.S.C. § 404(b); 20 C.F.R. § 404.506(a).   An overpaid individual is "at fault" if the overpayment resulted from: (a) the individual's failure to furnish information that he knew or should have known was material; (b) an incorrect statement made by the individual which he knew or should have known was incorrect; or (c) the individual accepted a payment that he either knew or could have been expected to know was incorrect. See 20 C.F.R. § 404.507.   The burden is on an overpaid individual to prove that he is entitled to a waiver of recovery of overpayment. *See Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir. 1982).

In finding Plaintiff obtained DIB through fraud or similar fault, the Appeals Council noted that Plaintiff was a highly educated individual, was provided the program rules during the application and approval process, and was knowledgeable of his own earnings during the relevant time.  (Tr. 649).  The Appeals Council stated that there was no indication that Plaintiff provided his entire earnings information from 2000, but instead informed the SSA that his earnings were earned during the first half of the year 2000, which proved to be inaccurate based on the records from Connecticut State University.  (Tr. 649).  Plaintiff has failed to meet the burden of proving he is entitled to waiver of recovery of overpayment and substantial evidence supports the Appeals Council's decision finding that waiver of overpayment is precluded.

## III.    Conclusion

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 24, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties